UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOHN COOK,                )
                          )
         Plaintiff,       )
                          )
vs.                       )   CIVIL ACTION No. CV-96-S-401-S
                          )
WAL-MART STORES, INC.,    )
                          )
         Defendant.       )

ENTERED
APR 17 1997

MEMORANDUM OPINION

This diversity action is before the court on defendant's motion for summary judgment, contending that plaintiff's claims are barred by the applicable statute of limitations. Plaintiff has not responded. Upon consideration of the motion, pleadings, brief, and evidentiary submissions, this court concludes the motion is due to be granted.

At the time of the events giving rise to this action, plaintiff was employed as a truck driver by Howard Hall Company, Inc., located in Birmingham, Alabama. (Cook Deposition, at 30-31.) Plaintiff contends that, <u>on or about</u> December 27, 1993, he delivered a shipment of carpet to the Wal-Mart store located in Sutherland, Virginia. He was evasive on the exact date of such delivery. During deposition, plaintiff described it as follows: "It was during the holidays, around December there. I'm bad on dates. The 27th." (Cook Deposition, at 31.) Whatever, he recalled having arrived at the delivery point about one in the morning hours. After a thirty minute wait in "detention" — waiting in a line of delivery trucks — plaintiff was assigned a loading dock and proceeded to his "door." (*Id.*, at 44-45.) He and an

15

unidentified Wal-Mart employee then began unloading the carpet rolls. (*Id.*, at 50.) Plaintiff alleges that, while doing so, he injured his head, neck, and back when a roll of carpet fell on him. He described the incident as follows:

> Well, at first we drug a long roll off, and we had these floor trucks we laid it on with these four posts. We just pushed it in between the floor trucks, the poles. We put about maybe about four or five, because they was the big ones like that and like this, real heavy. So we was doing it by numbers, lot numbers, VIN numbers, numeric numbers, you know. That's how he was doing it. He's the one that had to tell me which carpet to put on the truck, you know. So I just stood around and helped him get it off. That's all he wanted, me just help him. So I just laid it on there. He took it out, staged it outside, and brought another one, and we took off two or three.
>
> And then there was some up under the bottom, you know, of these other carpets. So he had to climb up there, and he was shoving some carpet. I stood about three or four of them up on the wall up there, and he gave this big one we put up there. And he crawled back up there -- and I don't know. He pushed, pushed some down, you know. I had my back turned. And the next thing I know, I felt these blows, you know. I was knocked -- carpet fell on me, boom, bam, like that.

(*Id.*, at 49-50.) Plaintiff testified he then "just got up off the floor and I told him I was out of there, you know, and I walked back up to the [receiving office]." (*Id.*, at 61.)

Plaintiff slept at the Wal-Mart distribution center until 5:00 or 6:00 a.m. (*Id.*, at 56, 59.) At 9:20 a.m. on the same morning he arrived in Virginia, plaintiff left Sutherland, en route back to Birmingham, Alabama. He reached Birmingham about 15 hours later, arriving just after midnight. (*Id.*, at 84.)

Plaintiff testified he went to the emergency room of Cooper Green Hospital later that same day. (*Id.*, at 88.) Hospital

2

records confirm that he was treated for back pain on <u>December 27, 1993</u> at 7:21 a.m. ("0721"). (Defendant's Motion for Summary Judgment: Exhibit 5.) (The emergency room record further notes that plaintiff had a three or four month history of low back pain.) He was given a prescription for Ibuprofen and instructed to consult an orthopaedist. (*Id.*)

Plaintiff did as he was told. That same day, he presented to Dr. Martin P. Jones, Jr., an orthopaedic surgeon. Dr. Jones' records reflect the following entries for December 27, 1993:

> Patient is a 43 YOM who drives an 18 wheeler for a living. He has had back pain before <u>and</u> was evidently involved in some type of accident <u>in 1991</u>. The details are unclear and he really does not remember specifically what transpired after the accident. <u>For the past 3 months he has been having a lot of back pain and this morning woke up with so much pain that he went to Cooper Green ER</u>.

(*Id.*: Exhibit 4 (emphasis added).)

Two days later, on December 29, 1993, plaintiff reported to Donna Moore, the Safety Clerk for Howard Hall Company, Inc., that he allegedly had been injured when delivering carpet to the Sutherland, Virginia Wal-Mart. (*Id.*: Exhibit 3 [Moore Affidavit], at 1.) Donna Moore's duties as Safety Clerk included "tak[ing] First Report of Injury from workers who claimed to have received injuries while in the employment of Howard Hall Company, Inc." (*Id.*) Significantly, the "First Report of Injury" prepared by Donna Moore following her conversation with plaintiff lists the date of the accident at issue as December <u>3</u>, 1993. (*Id.*: Exhibit 2.) Ms. Moore insists that was the date plaintiff reported to her: "[a]t no

3

time did John Cook report an injury occurring on December 27, 1993." (*Id.*: Exhibit 3 [Moore Affidavit], at 2.)

On December 27, 1995, plaintiff filed this action alleging that his injuries were caused by the negligence of an unidentified Wal-Mart employee.

Defendant asserts plaintiff's claim is barred by Alabama's two year statute of limitations: Alabama Code § 6-2-38(l) (1975), providing that "[a]ll actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."

> On December 29, 1993, [plaintiff] for the first time reported to his employer an alleged accident of December 3, 1993. At that time, he told Donna Moore, the person at Howard Hall who is responsible for completing employer's first reports of injury, that he had been injured at the Wal-Mart Distribution Center in Sutherland, Virginia December 3, 1993 at 1:00 a.m. He said that his neck and back were injured when a roll of carpet was dropped on him. He reported at that time that he had seen a doctor for the first time on December 27, 1993.
>
> At the Plaintiff's deposition, he testified that the alleged accident occurred "somewhere around" December 27, 1993 and admitted that he is "bad on dates." However, the Plaintiff's own testimony confirms that the incident could not have occurred on December 27, 1993. According to the Plaintiff, he arrived in Sutherland, Virginia in the early morning. After the alleged incident he left Sutherland at 9:20 a.m. and did not arrive in Birmingham until about midnight. He said he went to the emergency room the next day. The medical records of the Plaintiff show that he was treated at Cooper Green Hospital Emergency Room at 7:30 a.m. [on] December 27, 1993. Based on the Plaintiff's deposition testimony assuming facts most favorable to him, the alleged incident happened at least a day before December 27.

(*Id.*: Exhibit 6 [Defendant's Initial Submission in Response to Exhibit D of the Court's Order], at 7.) Accordingly, defendant

4

contends that "because the plaintiff's lawsuit was filed more than two years following the date of the alleged accident, his Complaint is barred by the applicable statute of limitations." (*Id.*, at 6.)

Defendant's reliance on Alabama's statute of limitations is improper. In diversity cases, a federal court applies the choice of law rules of the state in which it sits. *Randolph v. Tennessee Valley Authority*, 792 F. Supp. 1221 (N.D. Ala. 1992)(citing *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941)). In Alabama, the rule of *lex loci delicti* governs tort actions, and requires application of the substantive law of the jurisdiction where the tort occurred. *Randolph*, 792 F. Supp. at 1222. Accordingly, this court must apply the law of Virginia, not Alabama.

Even so, the Virginia statute of limitations for a personal injury action also is two years. Code of Virginia § 8.01-243(A) provides that "[u]nless otherwise provided in this section or by other statute, every action for personal injuries, whatever the theory of recovery, and every action for damages resulting from fraud, shall be brought within two years after the cause of action accrues." Thus, even under the applicable law, defendant's contention that plaintiff's claims are barred by the statute of limitations is accurate.

As previously noted, plaintiff failed to respond. Therefore, this court concludes he concedes the motion. *See Swedish American Hospital v. Midwest Operating Engineers Fringe Benefit Funds*, 842 F. Supp. 1039, 1043 (N.D. Ill. 1993)("Swedish American ... has

5

failed to respond to Midwest's arguments in their opposition papers, and therefore concedes these points"); *see also Southern Nevada Shell Dealers Association v. Shell Oil, Co.*, 725 F. Supp. 1104, 1109 (D. Nev. 1989); *Valluzzi v. United States Postal Service*, 775 F. Supp. 1124, 1125 (N.D. Ill. 1991).

Accordingly, defendant's motion for summary judgment is due to be granted. An order consistent with this memorandum opinion will issue contemporaneously herewith.

DONE this 17th day of April, 1997.

_____
United States District Judge

6